IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. CLAIMS, INC. | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 04-685 |
| YEHUDA SMOLAR and YEHUDA SMOLAR, P.C. | : | |
| Defendants | : | |

**EXPLANATION AND ORDER**

**I.     Background**

In July and August 2003, personal injury lawyer Yehuda Smolar ("Smolar" or "Defendant") contracted with U.S. Claims, Inc. ("Plaintiff" or "U.S. Claims") to pay U.S. Claims a percentage of any ultimate recovery in certain of his cases, including one called <u>Hightower</u>. Alleging that Smolar failed to pay his share, U.S. Claims sued him in Philadelphia Common Pleas Court in January 2004, bringing claims for an accounting and special relief, breach of contract, unjust enrichment, breach of fiduciary duty, and conversion. Defendant removed the case to this federal Court in February 2004. In August 2004, Smolar and U.S. Claims settled the federal action: Smolar agreed to pay future recovery of attorney fees from the <u>Hightower</u> case over to U.S. Claims.

In November 2004, Smolar took out a loan with Stillwater Asset Based Fund ("Stillwater"). To secure the loan, Stillwater put a lien on the same recovery-proceed percentage Smolar had already promised U.S. Claims.

In August 2006, the Hightower case settled. Smolar then paid his fees from that case over to Stillwater — not U.S. Claims — believing Stillwater's lien had priority. U.S. Claims, believing it should have been paid first pursuant to the August 2004 agreement, filed a motion to enforce the agreement purporting to settle the federal case. On April 9, 2007, I denied that motion for lack of subject-matter jurisdiction. Later that same day, U.S. Claims moved for reconsideration of that denial. On May 31, 2007, I granted the motion for reconsideration. I then denied the motion to enforce without prejudice to U.S. Claims to raise the issues involved at a later date.

In October 2007, U.S. Claims commenced an action against Smolar in Common Pleas Court, again claiming rightful ownership of the Hightower proceeds. That action includes all the claims and parties involved in the federal case, plus additional claims and parties not involved in the federal case.

Smolar now moves to stay this action pending disposition of the Common Pleas action.

**II.**   *Colorado River* **abstention**

Defendant has moved for a stay pursuant to the two-step abstention doctrine of Colorado River Water Conservation Dist. v. U.S. Bldgs. Co., 424 U.S. 800 (1976). First, it must be determined whether the two actions at issue are "parallel." Second, if the two actions are indeed parallel, I must weigh six factors in considering whether to yield to the state action:

> (1) which court first assumed jurisdiction over the property involved, if any;
>
> (2) the inconvenience of litigating in federal court;
>
> (3) the desirability of avoiding piecemeal litigation;

>   (4) which court first obtained jurisdiction;
>
>   (5) whether federal or state law controls; and
>
>   (6) whether the state court will adequately protect the parties' interests.

Spring City Corp. v. Amer. Bldgs. Co., 193 F.3d 165, 171 (3d Cir. 1999). I must also keep in mind that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule," so "[a]bdication of the obligation to decide cases can be justified only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." Colorado River, 424 U.S. at 813.

**III.     Discussion**

The parties do not appear to dispute that this action and the Common Pleas action are parallel. They do disagree, however, on the outcome of the required balancing.

The parties agree that the first factor is neutral. Def.'s Mot. at 6; Pl.'s Resp. at 5. The Court has not assumed jurisdiction over any piece of property.

As to the second factor, the parties agree that federal and state court are equally convenient. Defendant contends that this makes the convenience factor "neutral." Def.'s Mot. at 6. But this misunderstands the Colorado River presumption in favor of exercising jurisdiction. Equal convenience is not neutral; it weighs against issuing a stay because it means that litigating in federal court is not inconvenient.

As to the third factor, Defendant asserts that his primary defense against U.S. Claims will be that his obligation to Stillwater takes priority. This issue cannot be decided in the federal case,

3

Defendant argues, because Stillwater is not a party to that case.[1] Stillwater is a party to the Common Pleas action, though, so staying the federal case would allow the priority issue to be resolved in state court. Def.'s Mot. at 6-7. Even if this is all true, however, Defendant has failed to point to a "strongly articulated congressional policy" against this Court's simply crossing the lien-priority bridge when the Court comes to it. Spring City, 193 F.3d at 172 (discussing weight of anti-piecemeal-litigation policy necessary to make this factor favor a stay); Ryan v. Johnson, 115 F.3d 193, 199 (3d Cir. 1997) (suggesting that requisite policy must be found in statute, such as one prohibiting removal of certain actions to federal court). Indeed, Defendant has not pointed to — and my research has not uncovered — any congressional policy, much less a "strongly articulated" one as required by the Third Circuit, suggesting that federal jurisdiction should yield in such a case. Therefore, Defendant has not demonstrated that this factor favors a stay.

The fourth factor counsels against a stay because this action was first filed, commencing nearly four years before the Common Pleas action. Also, more progress appears to have been made in this action than in the Common Pleas action: Dispositive motions here are due August 8, 2008, and the case will enter the trial pool on September 8, 2008, whereas trial of the Common Pleas action is set for April 6, 2009, at the earliest. May 30, 2008 Scheduling Order; Pl.'s Resp. at 6.

As to the fifth factor, Defendant correctly points out that state law (on such topics as breach-of-contract, unjust enrichment, and conversion) likely will control. Def.'s Mot. at 7. This factor, then, tilts slightly in favor of a stay. However, the Third Circuit has cautioned that "abstention cannot be justified merely because a case arises entirely under state law." Ryan, 115 F.3d at 199. This is

---

[1] It is not even clear at this point whether that issue is necessarily relevant to the federal case.

particularly true, the Third Circuit held, where issues do not implicate "a skein of state law so intricate and unsettled" that a federal court might truly be out of its depth. Id. Defendant here never suggests that the relevant contract and tort law is anything other than run-of-the-mill.

As to the sixth factor, I find that Common Pleas court would do an adequate job of protecting the parties' interest. However, I add that Defendants have not argued that this Court would not.

**IV.   Conclusion**

One of the six Colorado River factors is neutral. Three weigh against granting a stay. And the two factors that point in the opposite direction do so only slightly. Put another way, Defendant has not demonstrated that this case presents the "exceptional circumstances" the U.S. Supreme Court requires before a district court may stay a federal action in order to allow a parallel state action to run its course. Therefore, I will deny Defendant's motion to stay the federal action.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. CLAIMS, INC. | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 04-685 |
| | : | |
| YEHUDA SMOLAR and | : | |
| YEHUDA SMOLAR, P.C. | : | |
| | : | |
| Defendants | : | |

# ORDER

**AND NOW**, this ___12th_____ day of __August_____, 2008, it is **ORDERED** that Defendants' Motion to Stay (Doc. # 43) is **DENIED**.

                                                                                                                s/Anita B. Brody
                                                                             _____
                                                                          ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:      Copies **MAILED** on _____ to: